IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOMA F. KENNER | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JERREN CARLTON AND | ) | |
| THE CITY OF CAIRO, ILLINOIS | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Loma F. Kenner, for her Jury Demand and Complaint against Defendants, Jerren Carlton and The City of Cairo, Illinois, and states:

### I.  PARTIES

1. Plaintiff is a citizen of Illinois and a resident of Cairo, Alexander County, Illinois.

2. Defendant, Jerren Carlton, is a citizen of the State of Illinois and a resident of Alexander County, Illinois.

3. Defendant, The City of Cairo, Illinois, is a municipality of the State of Illinois located within Alexander County, Illinois.

4. At all times herein relevant, Defendant, Jerren Carlton, was a police officer employed by The City of Cairo, Illinois.  The Complaint is brought against Jerren Carlton in his individual capacity.

## II. VENUE AND JURISDICTION

5. Loma F. Kenner and Jerren Carlton are residents of Alexander County, Illinois and The City of Cairo is located in Alexander County, within the geographical jurisdiction of this Court. The events which form the basis for the Complaint occurred within Alexander County, Illinois. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) and (2).

6. The Complaint includes claims under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction for those claims is vested in this Court under 28 U.S.C. § 1331. The Court has supplemental jurisdiction of the State law claims under 28 U.S.C. § 1367, which provides for supplemental jurisdiction over all other claims that are so related to the claims that are within the original jurisdiction of this Court that they form part of the same case or controversy.

## III. JURY DEMAND

7. Plaintiff, Loma F. Kenner, demands trial by a jury on all claims.

## IV. GENERAL ALLEGATIONS

8. The Complaint is brought against Defendant, Jerren Carlton, in his individual capacity.

9. On about March 7, 2015, Defendant, Jerren Carlton, was on duty as a police officer employed by The City of Cairo, Illinois.

10. On about March 7, 2015, Defendant, Jerren Carlton, arrested Plaintiff and issued tickets charging her with (1) resisting or obstructing a peace officer (2) obstructing a peace officer and (3) improper parking on a

roadway.  At all times relevant Jerren Carlton was acting under color of state law.

11.   On about March 7, 2015 Plaintiff, Loma F. Kenner, was handcuffed by Defendant, Jerren Carlton, and detained for a period of about five hours.

12.   Plaintiff's date of birth is March 23, 1952.

13.   Plaintiff is a female who was almost 63 years old on the day of the incident described above, March 7, 2015.  She is 5 feet, zero inches tall.

14.   At all times relevant Plaintiff was employed by Swift Transportation as an over-the-road truck driver, driving 18-wheel tractor-trailer rigs.

15.   The improper parking ticket described above was for parking an 18-wheel tractor-trailer owned by Swift Transportation.

16.   All three charges described above were dismissed when the prosecutor refused to prosecute.

## COUNT I

### (AGAINST DEFENDANT JERREN CARLTON FOR USING EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION)

17.   Plaintiff realleges and incorporates herein by reference ¶¶ 1-16, as fully set forth above.

18.   On about March 7, 2015 Defendant, Jerren Carlton, came to Plaintiff's home and stated that her 18-wheel tractor-trailer was illegally parked near the Blue Fish Liquor Store.  He asked Plaintiff to move the tractor-trailer.

19.   The tractor-trailer had been parked near the Blue Fish only about one hour.  Plaintiff had parked there because the entire parking lot where she

normally parked the tractor-trailer, with the owner's permission, was covered with ice and snow.

20. Plaintiff then drove from her home to the place where the tractor-trailer was parked, near the Blue Fish.. She drove it to the Subway parking lot where the owner allows her to park.

21. Plaintiff then put her gloves on and started to remove the kingpin to unlock it and disconnect the cab from the trailer.. Jerren Carlton then arrived and parked next to the trailer. He asked for Plaintiff's driver's license and proof of insurance. Plaintiff stated that normally police officers do not require proof of insurance and driver's license for issuing a parking ticket.

22. Plaintiff had previously agreed to meet Jerren Carlton at the police station to process the parking ticket.

23. Jerren Carlton then moved toward Plaintiff and asked, in an aggressive manner, whether she was "pulling a trip". Plaintiff did not know what he meant. Plaintiff told him that she wanted to call the police station to have another officer present. He became very agitated.

24. Plaintiff then informed Jerren Carlton that she was walking to the Blue Fish Liquor Store, about 20-25 feet away, to call the police station. At that point Jerren Carlton grabbed Plaintiff by her left arm and swung her around. He then placed a handcuff on Plaintiff's left wrist and spun Plaintiff around facing him. Plaintiff put her hands in the air. Jerren Carlton then lifted Plaintiff in the air and body-slammed her on the pavement. At that time she was about 15 feet from the Blue Fish Liquor Store.

25. Jerren Carlton then took Plaintiff to the police station where she was detained and handcuffed for about five hours. She was body searched with a pat-down search during her incarceration.

26. While Plaintiff was detained at the police stationJerren Carlton telephoned, or pretended to telephone, the Tri-State Jail in Ullin, Illinois and asked, in Plaintiff's presence, whether they had room for her.

27. Jerren Carlton subsequently bragged about arresting Plaintiff, stating that Plaintiff seemed harmless.

28. The conduct of Jerren Carlton in body-slamming Plaintiff to the ground, was a use of excessive force in violation of the Fourth and the Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983, et seq.

29. As a direct and proximate result of the violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and Plaintiff's rights under 42 U.S.C. § 1983, by Defendant, Jerren Carlton, Plaintiff sustained the following injuries and damages:

(a) Injuries to the joints, discs, muscles, ligaments and tendons in Plaintiff's back and neck;

(b) Injuries and damages to Plaintiff's nervous system, bones, ligaments, tendons and muscles in her back and neck;

(c) Cuts, injuries and bruises;

(d) Extreme pain;

(e) Extreme mental distress, fear, humiliation and shock;

(f) Emotional and mental distress;

(g) Medical expenses in a sum in excess of $20,000.00;

(h) Future medical expenses in a sum in excess of $50,000.00;

(i) Permanent injuries to Plaintiff's neck and back;

(j) Future pain and suffering;

(k) Aggravation of preexisting conditions in Plaintiff's neck and back.

30. Plaintiff has incurred, and will incur, attorney's fees in a sum in excess of $50,000.00 in prosecuting this case. Plaintiff is entitled to recover her attorneys' fees from both Defendants under 42 U.S.C. § 1988.

31. The conduct of Defendant, Jerren Carlton, was willful, wanton, malicious, outrageous and without justification, warranting an award of punitive damages against Defendant, Jerren Carlton, in a sum in excess of $100,000.00.

WHEREFORE, under Count I, Plaintiff, Loma F. Kenner, prays for Judgment against Defendant, Jerren Carlton, in a sum that is fair and reasonable for the injuries and damages she sustained, plus attorneys' fees in a sum in excess of $50,000.00, plus punitive damages in a sum in excess of $100,000.00, plus court costs.

## COUNT II

### (AGAINST DEFENDANT, JERREN CARLTON, FOR FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

32. Plaintiff, Loma F. Kenner, realleges and incorporates herein by reference ¶¶ 1-16 and ¶¶ 18-31 as fully set forth above.

33.     Defendant, Jerren Carlton, did not have probable cause to arrest Plaintiff.

34.     The arrest and imprisonment of Plaintiff was in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983, et seq.

35.     Defendant, Jerren Carlton, also wrongfully impounded Swift Transportation's tractor-trailer for a period of about one month, requiring Swift Transportation to pay about $3,000.00 to obtain possession of its tractor-trailer.  As a consequence, Swift Transportation terminated Plaintiff's employment.

36.     As a direct and proximate result of the false imprisonment and false arrest and wrongful seizure of the tractor-trailer, Plaintiff, Loma F. Kenner, sustained the following damages:

   (a)   Extreme emotional and mental distress, shame and humiliation;

   (b)   Future shame, humiliation, mental and emotional distress;

   (c)   The loss of her liberty for a period of about five hours;

   (d)   The termination, by Swift Transportation, of Plaintiff's employment;

   (e)   Lost wages in a sum in excess of $80,000.00;

   (f)   Future lost wages in a sum in excess of $100,000.00.

37.     Plaintiff has incurred, and will incur, attorneys' fees in a sum in excess of $50,000.00 in prosecuting this case.  Plaintiff is entitled to recover her attorneys' fees from both Defendants under 42 U.S.C. § 1988.

WHEREFORE, under Count II, Plaintiff, Loma F. Kenner, prays for Judgment against Defendant, Jerren Carlton, in a sum that is fair and reasonable for the injuries and damages she sustained, plus attorneys' fees in a sum in excess of $50,000.00, plus punitive damages in a sum in excess of $100,000.00, plus court costs.

## COUNT III

### (AGAINST DEFENDANT, THE CITY OF CAIRO, ILLINOIS, FOR VIOLATIONS OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND 42 U.S.C. § 1983, ET SEQ.)

38. Plaintiff, Loma F. Kenner, realleges and incorporates herein by reference ¶¶ 1-16, ¶¶ 18-31, ¶¶ 33-37, as fully set forth above.

39. On information and belief, Defendant, The City of Cairo, Illinois, had a usage, custom or policy of using excessive force against members of the public who were arrested or detained for alleged, minor violations.

40. On information and belief, Defendant, Jerren Carlton, routinely used excessive force against members of the public who were arrested or detained by him for alleged minor violations. The superior officers of Jerren Carlton knew of these practices and failed to take any action to stop such practices, but instead were deliberately indifferent to said practices by Jerren Carlton. The City of Cairo, Illinois thereby ratified the conduct of Jerren Carlton.

41. On information and belief, The City of Cairo, Illinois failed to penalize, reprimand or take any other action against Jerren Carlton because of

his conduct while arresting Plaintiff.  The City of Cairo, Illinois thereby ratified the conduct of Jerren Carlton.

42. The City of Cairo, Illinois used inadequate hiring and training practices and policies to hire and train its police officers to avoid the use of excessive force while arresting and otherwise detaining members of the public for alleged minor violations.

43. The City of Cairo, Illinois failed to train its police officers to avoid the use of excessive force, including the use of force to body-slam a 5 foot tall, 63 year old woman to the ground while arresting her for alleged minor violations.

44. The City of Cairo, Illinois was deliberately indifferent to the rights of others in adopting its policies, usages and customs and practices, in failing to train its police officers and in failing to hire competent, qualified, police officers.

45. The City of Cairo, Illinois made a deliberate or conscious choice to fail to train its police officers, and made a deliberate or conscious choice in establishing its practices for hiring its police officers.

46. At all times herein relevant The City of Cairo, Illinois was acting under color of state law.

47. The conduct of The City of Cairo, Illinois in establishing its customs and practices and usages as described above, and in establishing its practices of hiring and training police officers, while acting with deliberate

indifference to the rights of members of the public, was the proximate cause of Plaintiff's injuries and damages.

48. By adopting the policies, procedures, customs and usages described above, and while acting with deliberate indifference, Defendant, The City of Cairo, Illinois, proximately caused Plaintiff to sustain the damages and injuries described in Counts I and II, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983, et seq.

49. Plaintiff has incurred, and will incur, attorneys' fees in a sum in excess of $50,000.00 in prosecuting this case. Plaintiff is entitled to recover her attorneys' fees from Defendants, The City of Cairo, Illinois and Jerren Carlton, under 42 U.S.C. § 1988.

WHEREFORE, under Count III, Plaintiff, Loma F. Kenner, prays for Judgment against Defendant, The City of Cairo, Illinois, in a sum that is fair and reasonable for the injuries and damages she sustained, plus attorneys' fees in a sum in excess of $50,000.00, plus court costs.

## COUNT IV

### (AGAINST DEFENDANT, JERREN CARLTON, FOR ASSAULT AND BATTERY UNDER THE COMMON LAW OF ILLINOIS)

50. Plaintiff realleges and incorporates herein by reference ¶¶ 1-16, ¶¶ 18-31, ¶¶ 33-37, as fully set forth above.

51. The conduct of Defendant, Jerren Carlton, as described in Counts I and II, violates the common law of Illinois for assault and battery.

52.     As a direct and proximate result of the acts of assault and battery committed by Defendant, Jerren Carlton, described above, Plaintiff sustained the following injuries and damages:

(a)     Injuries to the joints, discs, muscles, ligaments and tendons in Plaintiff's back and neck;

(b)     Injuries and damages to Plaintiff's nervous system, bones, ligaments, tendons and muscles in her back and neck;

(c)     Cuts, injuries and bruises;

(d)     Extreme pain;

(e)     Extreme mental distress, fear, humiliation and shock;

(f)     Emotional and mental distress;

(g)     Medical expenses in a sum in excess of $20,000.00;

(h)     Future medical expenses in a sum in excess of $50,000.00;

(i)     Permanent injuries to Plaintiff's neck and back;

(j)     Future pain and suffering;

(k)     Aggravation of preexisting conditions in Plaintiff's neck and back.

53.     The conduct of Defendant, Jerren Carlton, was willful, wanton, malicious and outrageous and without justification, warranting an award of punitive damages against Defendant, Jerren Carlton, in a sum in excess of $100,000.00.

WHEREFORE, under Count IV, Plaintiff, Loma F. Kenner, prays for Judgment against Defendant, Jerren Carlton, in a sum that is fair and

reasonable for the injuries and damages she sustained, plus a sum in excess of $100,000.00 for punitive damages, plus court costs.

## COUNT V

### (AGAINST DEFENDANT, JERREN CARLTON, FOR FALSE ARREST UNDER THE COMMON LAW OF ILLINOIS)

54. Plaintiff, Loma F. Kenner, realleges and incorporates herein by reference ¶¶ 1-16, ¶¶ 18-31, ¶¶ 33-37, as fully set forth above.

55. Defendant, Jerren Carlton, falsely arrested and falsely incarcerated Plaintiff, Loma F. Kenner, in violation of the common law of Illinois, causing Plaintiff to sustain injuries and damages as described in Counts I and II.

56. The conduct of Defendant, Jerren Carlton, was willful, wanton, malicious, outrageous and without justification, warranting an award of punitive damages against Defendant, Jerren Carlton, in a sum in excess of $100,000.00.

57. As a direct and proximate result of the conduct of Defendant, Jerren Carlton, in falsely arresting and falsely incarcerating Plaintiff, and wrongfully impounding the Swift Transportation tractor-trailer, Plaintiff sustained the following injuries and damages:

(a) Extreme emotional and mental distress, shame and humiliation;

(b) Future shame, humiliation, mental and emotional distress;

(c) The loss of her liberty for a period of about five hours;

(d) The termination, by Swift Transportation, of Plaintiff's employment;

(e) Lost wages in a sum in excess of $80,000.00;

(f) Future lost wages in a sum in excess of $100,000.00.

WHEREFORE, under Count V, Plaintiff, Loma F. Kenner, prays for Judgment against Defendant, Jerren Carlton, in a sum that is fair and

reasonable for the injuries and damages she sustained, plus an additional award against Defendant, Jerren Carlton, in a sum in excess of $100,000.00 for punitive damages, plus court costs.

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel:   618-628-0186
Fax:   618-628-0259
Email:  law@dmduree.net

*Attorneys for Plaintiff, Loma F. Kenner*